892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. COOK and wife, Mary Jo Cook, Plaintiffs-Appellants,
and
Mason-Dixon Truck Lines, Intervening Petitioner,
v.
John L. RUNYON and Dorothy Davis, Defendants,
and
National Union Fire Insurance Company, Uninsured Motorist
Insurance Carrier, Defendant-Appellee.
 No. 89-5540.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1989.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs Kenneth L. Cook ("K. Cook") and Mary Jo Cook ("M. Cook") (collectively "the Cooks") appeal the district court's order limiting the uninsured motorist coverage to $25,000 in this diversity action arising out of an automobile accident that occurred in Grainger County, Tennessee. For the reasons set forth below, we AFFIRM.
 
 
 2
 On September 9, 1986, K. Cook, while driving a tractor-trailer that he owned and leased to Mason-Dixon Lines, Inc. ("Mason-Dixon"),[1] collided with an uninsured vehicle driven by defendant John Runyon and owned by defendant Dorothy Davis. National Union Fire Insurance Company ("National Union") provided liability insurance to Mason-Dixon. The liability insurance policy included uninsured motorist insurance coverage as required by Tenn.Code Ann. § 56-7-1201.[2] The Cooks are seeking benefits and coverage under Mason-Dixon's National Union insurance policy.
 
 
 3
 On March 3, 1987, the Cooks filed a complaint in the United States District Court for the Eastern District of Tennessee. It alleged that since the defendants were uninsured or underinsured, the Cooks were invoking the coverage provided by the uninsured motorist insurance policy issued by National Union to Mason-Dixon.
 
 
 4
 During discovery, a dispute arose between the Cooks and National Union regarding the limitation of uninsured motorist insurance coverage provided by the policy. Judge Thomas Hull elected to treat the coverage issue as cross-motions for partial summary judgment pursuant to Fed.R.Civ.P. 56.
 
 
 5
 The Cooks argued that Mason-Dixon failed to elect the $25,000 uninsured motorist liability limitation. National Union contended that Mason-Dixon had indeed elected the minimum uninsured motorist insurance coverage required by Tennessee law. National Union submitted the affidavit of Randall Fields[3] who testified that Mason-Dixon obtained the minimum uninsured motorist limits in all states, including Tennessee. He further testified that the National Union endorsement to the policy in issue indicates $25,000 as the limit of coverage provided per accident.
 
 
 6
 The district court, relying on the reasoning in Burns v. Aetna Casualty & Surety Co., 741 S.W.2d 318 (Tenn.1987), found Mr. Field's affidavit and the attached endorsement proffered by National Union to be sufficient evidence of Mason-Dixon's effective election of the lower limit of uninsured motorist insurance coverage pursuant to Tenn.Code Ann. § 56-7-1201.[4] Thus, Judge Hull granted summary judgment in favor of National Union on the single issue of Mason-Dixon's election of lower uninsured motorist insurance coverage.
 
 
 7
 The case was tried by Judge Leon Jordan on February 10, 1988. The jury returned a verdict in favor of K. Cook, in the amount of $190,000, and in favor of M. Cook, in the amount of $10,000. Subsequently, the Cooks filed a motion for a new trial on the coverage issue, pursuant to Fed.R.Civ.P. 59(a). The Cooks argued that the district court erred in applying the law to the facts. They contended that Burns is distinguishable from the present case. In Burns, the Supreme Court of Tennessee found that the policy in issue had not been delivered in Tennessee within the meaning of Tenn.Code Ann. § 56-7-1201. The Cooks also argued that Burns did not apply to their facts, because the plaintiff's decedent in Burns was an employee of the carrier to which the subject insurance policy was issued. In the present case, K. Cook was an independent owner-operator who was paying for his insurance coverage via deductions from amounts owed to him by Mason-Dixon. The Cooks contended that because of their insurance payment arrangement, K. Cook was also an insured who had the right to select a lower limit of coverage under Tenn.Code Ann. § 56-7-1201(a)(2).
 
 
 8
 The district court denied the Cooks' motion for a new trial, finding that a proper application of Burns leads to the conclusion that Mason-Dixon, the named insured, had the sole authority to select lower limits of uninsured motorist coverage under Tenn.Code Ann. § 56-7-1201. The district court held that Mason-Dixon effectively limited its uninsured motorist coverage to $25,000.
 
 
 9
 On appeal, the Cooks again raise the issue of whether Mason-Dixon effectively limited its uninsured motorist coverage to $25,000. The Cooks argue that Tenn.Code Ann. § 56-7-1201 requires the selection of lower uninsured motorist coverage to be in the form of a signed writing. They contend that Mason-Dixon's endorsement to the National Union policy, submitted as evidence of its selection of the lower limit in Tennessee, does not constitute a valid rejection of the maximum amount of uninsured motorist coverage, because it is not a signed writing.
 
 
 10
 Rejecting the arguments advanced by the Cooks, we conclude that Mason-Dixon made an effective selection of the lower uninsured motorist limit ($25,000) in its liability insurance policy with National Union. The language of the relevant statutory provision does not support the Cooks' interpretation requiring a signed writing. Moreover, the district court properly applied Burns to the facts in this case.
 
 
 11
 Burns involved a deceased plaintiff who was an employee of Textron, Inc. Textron had obtained a fleet insurance policy through Aetna and had selected the lower limit for Tennessee uninsured motorist coverage. Plaintiff contended that the selection of the lower uninsured motorist limit did not comply with the applicable Tennessee statutes. However, the Tennessee Supreme Court found that the selection of the lower uninsured motorist limit did comply and that the applicable coverage was the lower limit selected by the named insured. Burns involved a negotiated insurance contract with numerous state endorsements. Thus, the insurance contract in Burns is analogous to the insurance contract in the present case. Although the policy in Burns was a non-Tennessee policy, we are in accord with Judge Jordan who noted that even if the underwriting requirements of Tenn.Code Ann. § 56-7-1201 were applicable to Burns, the intent and purpose of the statutory requirements were met. Thus, relying on Burns, we find that the proper limit of uninsured motorist coverage selected by Mason-Dixon is $25,000.
 
 
 12
 Accordingly, we AFFIRM the order of the Honorable Leon Jordan of the United States District Court for the Eastern District of Tennessee.
 
 
 
 [1]
 At the time of the accident, K. Cook was hauling freight for Mason-Dixon as an independent owner/operator of a tractor-trailer
 
 
 [2]
 Tenn.Code Ann. § 56-7-1201 provides, in pertinent part:
 Every automobile liability insurance policy ... shall include uninsured motorist coverage.... The limits of such uninsured motorist coverage shall be equal to the bodily injury liability limits stated in the policy.
 
 
 [3]
 Randall Fields was Mason-Dixon's representative in the policy negotiations between National Union and Mason-Dixon
 
 
 [4]
 After mandating that every automobile liability insurance policy include uninsured motorist coverage, Tenn.Code Ann. § 56-7-1201 provides, in pertinent part:
 [A]ny named insured may reject in writing such uninsured motorist coverage completely or select lower limits of such coverage but not less than the minimum coverage limits in § 55-12-107 (emphasis added).